# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.S.**

**No. 25-493** (Kanawha County CC-20-2024-JA-313)

## MEMORANDUM DECISION

Petitioner Father B.S.[1] appeals the Circuit Court of Kanawha County's July 9, 2025, order terminating his parental rights to K.S., arguing that the court erred in denying his motion for a post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in September 2024, alleging that K.S. demonstrated withdrawal symptoms shortly after birth and that the mother, M.B., admitted to using methamphetamine while pregnant. The DHS further alleged that the mother and the petitioner had a history of domestic violence and that the petitioner pled guilty in August 2024 to domestic battery against the mother. The DHS alleged that the most recent incident of domestic violence occurred on September 6, 2024, when the petitioner went to the mother's home and poured vodka on her. A DHS worker also spoke with the mother, who stated that many of these incidents stemmed from the petitioner's alcohol abuse. The DHS also alleged that the petitioner had a prior involuntary termination of his parental rights to other children.

At the preliminary hearing in September 2024, the court ordered that the DHS provide the petitioner with parenting classes, domestic violence counseling, a parental fitness evaluation, and random drug screens. In December 2024, the circuit court adjudicated the petitioner as an abusive and neglectful parent, finding that he admitted to abusing alcohol, exposed the child to domestic violence, and pled guilty to domestic battery. The court took judicial notice of the petitioner's prior involuntary termination of parental rights to two other children, which was due, in part, to exposing those children to "severe episodes of domestic violence." The petitioner filed a motion for a post-adjudicatory improvement period, which the court held in abeyance to monitor the petitioner's compliance with previously ordered services.

---

[1] The petitioner appears by counsel Jason S. Lord. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Counsel Sharon K. Childers appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The circuit court held a dispositional hearing in June 2025. A DHS worker testified that the petitioner tested positive for methamphetamine several times in January 2025. Further, in February 2025, the petitioner was arrested for domestic battery against his pregnant girlfriend and was incarcerated from February 28, 2025, until June 9, 2025. The day after his release from jail (six days before the dispositional hearing), the petitioner again tested positive for methamphetamine. Also, the worker testified that the petitioner's parental rights to two other children had been terminated in 2016 based upon findings of extreme neglect, malnourishment, domestic violence, substance abuse, and that one of the children suffered severe burns. The DHS worker acknowledged that the petitioner had sporadically participated in services and completed a domestic violence class, but the DHS remained concerned about his continued violent behavior. Therefore, the DHS recommended termination of the petitioner's parental rights to K.S.

The petitioner testified to his participation in services, stating that he continued to meet with a service provider while in jail, and, upon his release, immediately contacted the remaining providers to recommence all services. The petitioner further testified that he would participate in any additional ordered services or treatment. The petitioner explained that his arrest in February 2025 was for "domestic assault," but he claimed that the charges were dismissed, that he did not commit domestic assault, and that he was incarcerated for a probation violation. The petitioner acknowledged that he pled guilty to domestic battery in August 2024 against the mother but stated that he only pled guilty so that he could get out of jail sooner. The petitioner also admitted that he had a conviction for domestic assault against a previous girlfriend but denied that he committed any violence against her. The petitioner was evasive regarding his drug use and positive drug screens, stating that he tested positive because he was around others who were using methamphetamine. When asked why he had a positive drug screen for methamphetamine following his release from jail, the petitioner stated "I have no clue. But, I mean, if it's positive, I take responsibility."

At the conclusion of the dispositional hearing, the circuit court found that the petitioner did not fully participate in services and that his testimony was not credible and "extremely evasive." The court stated that the petitioner failed to take responsibility for his actions and took judicial notice of the petitioner's parental fitness evaluation in which he was given a "very poor" prognosis due to his "refusal to accept full responsibility and lack of insight regarding the negative consequences of his behavior." The court also found that the petitioner had an extensive history of domestic violence and two involuntary terminations of his parental rights which were based, in part, on domestic violence. The court found that these actions demonstrated the petitioner's pattern of extreme violence toward women. Moreover, the court was concerned that the petitioner continued to commit these acts *after* he completed his domestic violence counseling class. Additionally, the court found that the petitioner tested positive for methamphetamine several times, including the day after his release from jail. Therefore, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of the petitioner's parental rights was in the child's best interest. Accordingly, the court denied the petitioner's motion for a post-adjudicatory improvement

period and terminated the petitioner's parental rights to K.S. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. *See* Syl. Pt. 1, *In re K.S.*, -- W. Va. --, -- S.E.2d --, 2026 WL 1362143 (W. Va. May 15, 2026). "We review a circuit court's decision to grant or deny a post-adjudicatory improvement period under an abuse of discretion standard." Syl. Pt. 1, *In re K.A.*, 251 W. Va. 626, 915 S.E.2d 520 (2025). In his sole assignment of error, the petitioner argues that the court erred by denying his motion for a post-adjudicatory improvement period. We disagree. Under West Virginia Code § 49-4-610(2)(B), a circuit court may grant an improvement period if the parent "demonstrates, by clear and convincing evidence, that [he is] likely to fully participate in the improvement period." However, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely). Ample evidence supports the circuit court's finding that no improvement was likely as the court found that the petitioner continued to commit acts of domestic violence, tested positive for methamphetamine on multiple occasions, and failed to fully acknowledge his wrongdoing. As we have explained, "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). "Failure to acknowledge the existence of the problem, . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *Id*. As such, we conclude that the circuit court did not abuse its discretion in denying the petitioner's motion for a post-adjudicatory improvement period and proceeding to termination.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 9, 2025, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[3] The mother is participating in an improvement period. The permanency plan for the child is reunification with the mother with a concurrent permanency plan of adoption by the current kinship placement.